ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| LYDMAR VILLANUEVA PÉREZ Y JOSÉ LUIS CASIANO RODRÍGUEZ<br><br>Parte Peticionaria<br><br>V.<br><br>HOSPITAL DAMAS, INC., DR. HELDER HERNÁNDEZ RIVERA, JANE DOE, DRA. JENIFFER VARGAS SANTOS, JOHN DOE, Y CARIBBEAN ELECTROPHYSIOLOGY SERVICES, INC.<br><br>Parte Recurrida | TA2025CE00384 | *CERTIORARI* procedente del Tribunal de Primera Instancia de Ponce<br>_____<br>Caso Núm.:<br><br>PO2024CV03266<br>_____<br>SOBRE:<br><br>IMPERICIA MÉDICA |

Panel integrado por su presidenta la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

# SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 17 de noviembre de 2025.

Comparece ante nos la señora Lydmar Villanueva Pérez y el señor José Luis Casiano Rodríguez (en adelante, parte "peticionaria") para solicitar la expedición del auto de *certiorari* y dejar sin efecto la *Resolución Interlocutoria* emitida el 29 de julio de 2025[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante "TPI"). Mediante dicha *Resolución*, el foro primario denegó la *Moción en Solicitud de Reconsideración de Orden[2],* presentada por la peticionaria, y dispuso concederle un término final hasta el 1 de septiembre de 2025 para notificar un informe pericial que sostenga las alegaciones de la

---
[1] Notificada el 30 de julio de 2025.
[2] Véase Entrada #42 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

demanda, bajo apercibimiento de sanciones económicas y procesales, al así resolver, el TPI confirmó la *Orden* emitida y notificada el 15 de mayo de 2025, mediante la cual había declarado HA LUGAR la *Moción Solicitando Se Anuncie Prueba Pericial*[3] presentada por el Hospital Damas, Inc. (en adelante, parte "recurrida").

Por los fundamentos que exponemos a continuación, se **expide** el auto de ***certiorari*** y se **revoca** la resolución recurrida con el fin de que se le permita a la Peticionaria concluir los mecanismos de descubrimiento de prueba necesarios y se le otorgue a ésta un término no menor de 30 días a partir de ese momento para notificar la totalidad de las opiniones del perito. A su vez, las recurridas tendrán el derecho a realizar descubrimiento de prueba sobre dichos informes periciales y a notificar su propio informe pericial, si así lo entienden conveniente y necesario.

**-I-**

En lo pertinente a la controversia que nos ocupa, el 8 de noviembre de 2024, la peticionaria presentó una *Demanda*[4] contra el Hospital Damas, Inc. (Hospital), el Dr. Helder Hernández Rivera (Dr. Hernández) y su sociedad legal de gananciales, y la Dra. Jennifer Vargas Santos (Dra. Vargas) y otros (parte "recurrida"). En dicha demanda, la peticionaria alegó impericia médica y daños y perjuicios derivados del fallecimiento de la paciente Maribel Pérez Santiago (paciente), madre y suegra de la parte peticionaria.

---

[3] Véase Entrada #24 de SUMAC TPI.
[4] Véase Entrada #1 de SUMAC TPI.

En resumen, la peticionaria alegó que, luego de ser sometida a un procedimiento de ablación por catéter en el Hospital, bajo la dirección del Dr. Hernández, la paciente murió. Arguyó que, ni el Dr. Hernández ni el personal médico y de enfermería del Hospital ordenaron o administraron anticoagulantes, antes ni después del procedimiento, y que la paciente fue mantenida en reposo prolongado sin medidas profilácticas para prevenir trombosis venosa profunda (DVT). Además, alegó que la Dra. Vargas, quien fue asignada al cuidado postoperatorio de la paciente, tampoco ordenó anticoagulantes ni aplicó profilaxis adecuada. Por último, arguyó que el Hospital no tenía los protocolos correspondientes que pudiesen haber evitado la muerte de la paciente.

Luego de varios trámites procesales, la parte recurrida, el 15 de mayo de 2025, presentó una *Moción Solicitando Se Anuncie Prueba Pericial*[5]. Entre otras cosas, la recurrida solicitó al TPI que ordenara a la peticionaria a notificar, dentro de un término de 20 días, su prueba pericial, incluyendo el informe pericial, literatura médica y el currículo del perito.

Ese mismo día, y sin conceder oportunidad a la peticionaria de exponer su oposición a la mencionada Moción, el TPI emitió una *Orden*[6] mediante la cual concedió a la peticionaria un término de 30 días para notificar su prueba pericial. Específicamente, dispuso que dicho informe debía: (1) Establecer las normas mínimas de cuidado médico-profesional aplicables a los demandados (recurridos); (2) Rebatir la presunción de

---

[5] Véase Entrada #24 de SUMAC TPI.
[6] Véase Entrada #25 de SUMAC TPI.

corrección que cobija los hospitales y médicos, demostrando que incumplieron con las normas de cuidado vigentes; y (3) probar el nexo causal entre el alegado incumplimiento y los daños reclamados. Debía, además, incluir literatura médica y el currículo del perito.

Posteriormente, el 28 de junio de 2025, la recurrida presentó una *Moción Solicitando Se Dicte Orden Prohibiendo A La Parte Demandante La Utilización De Prueba Pericial*[7]. En ella alegó que, habiendo transcurrido en exceso el término de 30 días concedidos por el TPI para notificar el informe pericial, la peticionaria no había cumplido ni solicitado prórroga alguna.

Por su parte, el 30 de junio de 2025, el TPI emitió una *Orden*[8] mediante la cual le concedió a la peticionaria un término adicional de 15 días para mostrar causa por el incumplimiento y para dar cumplimiento a la *Orden*[9] del 15 de mayo de 2025. La mencionada orden advirtió expresamente que el incumplimiento conllevaría la imposición de sanciones graves, tanto económicas como procesales.

En los que respecta a la peticionaria, esta presentó, el 9 de julio de 2025, un escrito titulado *Trámite Al Expediente Judicial*[10], en el que hizo constar que, en esa misma fecha, había cursado a la parte recurrida las contestaciones a los interrogatorios notificados a la peticionaria.

El 15 de julio de 2025, la peticionaria presentó una *Moción En Cumplimiento De Orden Y En Solicitud De*

---

[7] Véase Entrada #26 de SUMAC TPI.
[8] Véase Entrada #28 de SUMAC TPI.
[9] Véase Entrada #25 de SUMAC TPI.
[10] Véase Entrada #30 de SUMAC TPI.

*Prórroga*[11], en la que reconoció los términos concedidos para notificar su prueba pericial y explicó que ya había producido un resumen detallado de la opinión del Dr. Arvindh Kanagasundram (Dr. Kanagasundram), perito en cardiología y electrofisiología cardiaca, del cual surgen señalamientos sobre desviaciones a los estándares médicos por parte del Dr. Hernández y la Dra. Vargas.

En cuanto al informe pericial, la peticionaria expuso que el perito no podía rendir dicho informe, sin antes considerar los testimonios en deposición de los médicos tratantes, particularmente el Dr. Hernández y la Dra. Vargas, cuya toma de deposiciones se habían visto afectadas. Señaló, además, que había notificado al Hospital un pliego de interrogatorios y solicitud de producción de documentos, en el que requería, entre otros, los protocolos institucionales aplicables al tratamiento de la paciente, información que la peticionaria estima indispensable para que el perito pudiese evaluar si las actuaciones médicas se ajustaron a las normas internas de la instituciones y si, en efecto, el Hospital contaba con los protocolos exigibles según la mejor práctica hospitalaria.

En atención a lo anterior, solicitó una prórroga hasta el 28 de julio de 2025 para informar al TPI sobre los acuerdos alcanzados en el descubrimiento de prueba, incluyendo lo relacionado a la prueba pericial y a la calendarización de las deposiciones pendientes.

El 16 de julio de 2025, la recurrida presentó una *Moción Solicitando Orden Prohibiendo A La Parte Demandante La Utilización De Prueba Pericial Por*

---

[11] Véase Entrada #34 de SUMAC TPI.

*Incumplimiento Con La Orden Del Tribunal*[12], en la que sostuvo que las razones presentadas por la peticionaria no constituían justa causa y que esta mantenía un patrón de incumplimiento. Argumentó, además, que la alegación de la peticionaria de que ya había producido un "resumen detallado" de la opinión del perito no cumplía con los requisitos de la Regla 23.1 de Procedimiento Civil[13], ni con lo ordenado.

A su vez, el TPI emitió una *Orden*[14] el 15 de julio de 2025[15] en la que le concedió a la peticionaria un término final hasta el 28 de julio de 2025 para presentar el informe pericial, en cumplimiento con dicha *Orden*[16] del 15 de mayo de 2025.

El 28 de julio de 2025, la peticionaria presentó una *Moción En Solicitud De Reconsideración De Orden*[17] en la que argumentó que el proceso de descubrimiento de prueba se encontraba en sus etapas iniciales y que su perito no estaba en posición de rendir una opinión definitiva sin acceso a la información documental y testimonial esencial aún pendiente de producirse.

El 30 de julio de 2025, el TPI declaró *NO HA LUGAR* a la Moción de Reconsideración presentada por la peticionaria por medio de una *Resolución Interlocutoria*[18] y, en su lugar, le concedió un término final hasta el 1 de septiembre de 2025, para notificar el informe pericial en cumplimiento con al *Orden*[19] del 15 de mayo

---

[12] Véase Entrada #36 de SUMAC TPI.
[13] Regla 23.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[14] Véase Entrada #41 de SUMAC TPI.
[15] Notificada el 18 de julio de 2025.
[16] Véase Entrada #25 de SUMAC TPI.
[17] Véase Entrada #42 de SUMAC TPI.
[18] Véase Entrada #43 de SUMAC TPI.
[19] Véase Entrada #25 de SUMAC TPI.

de 2025, bajo apercibimiento de sanciones graves económicas y procesales.

Inconforme, la peticionaria acude ante nos mediante una *Petición de Certiorari*[20] y señala el siguiente error:

> **ERRÓ EL TPI AL INCURRIR EN UN ABUSO DE DISCRECIÓN Y EN UNA INTERPRETACIÓN ERRÓNEA DE LOS CONTORNOS DE LA REGLA 23.1 DE PROCEDIMIENTO CIVIL AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN, PESE A QUE LA PETICIONARIA YA HABÍA NOTIFICADO UN INFORME PRELIMINAR DEL DR. KANAGASUNDRAM CON SEÑALAMIENTOS CONTRA EL DR. HERNÁNDEZ Y LA DRA. VARGAS, Y HABÍA JUSTIFICADO QUE PARA PODER RENDIR UN INFORME FINAL ERA INDISPENSABLE OBTENER INFORMACIÓN ESENCIAL AÚN PENDIENTE DE PRODUCIRSE EN EL DESCUBRIMIENTO DE PRUEBA — PARTICULARMENTE LOS PROTOCOLOS INSTITUCIONALES Y LAS DEPOSICIONES DE LOS MÉDICOS TRATANTES Y DEL REPRESENTANTE DEL HOSPITAL.**

Examinados el escrito y los documentos que obran en autos, procedemos a resolver.

-II-

### A. Certiorari

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[21] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[22]

Al presentarse un recurso de *certiorari* de naturaleza Civil, es preciso evaluarlo a la luz de la Regla 52.1 de Procedimiento Civil[23]. Como es sabido, la

---

[20] Véase Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).
[21] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016), citando a *García v. Padró*, 165 DPR 324, 334 (2005).
[22] *Pueblo v. Díaz de León*, 176 DPR 913 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).
[23] Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

mencionada regla es la disposición reglamentaria que regula todo lo relacionado a la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia.[24] Dicha Regla limita la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias dictadas por los tribunales de instancia por medio del recurso discrecional de *certiorari*. Posterior a su aprobación, dicha Regla fue enmendada nuevamente por la Ley 177-2010[25], y dispone, en parte:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.[26]

---

[24] *Municipio v. JRO Construction*, 201 DPR 703, 709 (2019).
[25] Reglas de Procedimiento Civil, Enmienda Regla 52.1, Ley Núm. 177-2010.
[26] Regla 52.1 de Procedimiento Civil, *supra*.

Establecido lo anterior, es preciso recordar que, si bien el auto de *certiorari* […] es un vehículo procesal discrecional, la discreción del tribunal revisor no debe hacer abstracción del resto del derecho.[27] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[28]

La discreción judicial "no se da en un vacío ni en ausencia de unos parámetros".[29] Recordemos que, a fin de que el Tribunal de Apelaciones pueda ejercer su discreción de manera prudente, la Regla 40 de su Reglamento[30] establece los criterios que dicho foro debe considerar al determinar si procede o no expedir un auto de *certiorari*.[31] En particular, esta Regla dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[27] *Municipio v. JRO Construction*, *supra*; *IG Builders v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008); *García v. Padró*, 165 DPR 324 (2005).
[28] *Id.*; *IG Builders v. BBVAPR*, *supra*; *Torres Martínez v. Torres Ghigliotty*, *supra*; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).
[29] *Id.*; *IG Builders v. BBVAPR*, *supra*, pág.338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).
[30] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 60, 215 DPR _ (2025).
[31] *Municipio v. JRO Construction, supra.*

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[32]

El Tribunal Supremo de Puerto Rico ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.[33] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia, salvo que incurra en algunas de las conductas previamente mencionadas.

**B. Descubrimiento de Prueba**

Las Reglas de Procedimiento Civil establecen varios mecanismos para permitir a las partes "descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio".[34] Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir

---

[32] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *supra*.
[33] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 726 (2018).
[34] *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 151-152, (2000).

toda la información relacionada con su caso, independientemente de quién la posea.[35]

En lo pertinente, la Regla 23.1 de las de Procedimiento Civil[36], delinea el alcance del descubrimiento de prueba en casos civiles. En específico, dispone en su inciso (c), que el descubrimiento de prueba pericial podrá llevarse a cabo como sigue, en lo que resulta aplicable:

> (1) Una parte podrá, a través de interrogatorios, requerir a cualquier otra parte **que suministre el nombre y la dirección de las personas peritas** que haya consultado y de los que intente presentar en el juicio. Respecto a estas últimas, **podrá requerirse a la parte que exprese la materia sobre la cual la persona perita se propone declarar, así como un resumen de sus opiniones y una breve expresión de las teorías, los hechos o los argumentos que sostienen las opiniones**. A solicitud de parte, el tribunal podrá ordenar el descubrimiento de prueba pericial por cualquier otro medio, **sujeto a aquellas condiciones o limitaciones que estime razonables**.[37]

Ahora bien, la jurisprudencia ha establecido que el descubrimiento de prueba no puede ser ilimitado. Por ello, los tribunales están facultados por las Reglas de Procedimiento Civil para controlar su alcance tomando en consideración, claro está, que la controversia se resuelva de una forma rápida, justa y económica.[38] De este modo, el Tribunal de Primera Instancia tiene amplia discreción para pautar el procedimiento sobre el descubrimiento de prueba que se va a seguir.[39] Acorde con

---

[35] *Íd.*; J.A. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Pubs. J.T.S., 1985, Vol. II, pág. 123; 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d Sec. 2001, pág.41 (1994).
[36] Regla 23.1 de Procedimiento Civil, *supra*.
[37] Regla 23.1(c) de Procedimiento Civil de 2009 (32 LPRA Ap. V). (*Énfasis Suplido*).
[38] Regla 1 de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[39] *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009).

lo anterior, el tribunal viene obligado a cumplir con la máxima de llevar a cabo un proceso justo para las partes, asumiendo un rol activo en el mismo y como tal tiene discreción para limitar o extender el alcance para descubrir prueba.

### -III-

Antes de proceder con la discusión del error señalado, debemos resolver si procede expedir el recurso de *certiorari*. Al recordar que la expedición del auto de *certiorari* es una discrecional, es preciso resaltar que, debemos considerar los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones[40]. En específico, esta regla dispone como criterio a contemplar, si la expedición del auto […] evita un fracaso de la justicia[41].

Tomando en cuenta los hechos que nos conciernen, en la *Orden*[42] que la peticionaria solicita revocar, el foro primario le ordena a esta a notificar la prueba pericial, que incluya el informe pericial, en el que establezca:

a) Las normas mínimas de cuidado médico-profesional que obligan a los demandados;

b) Rebata la presunción de pericia que cobijan los hospitales y doctores y demuestre que éstos incumplieron con las normas de cuidado vigente; y

c) Pruebe el nexo causal entre dicho incumplimiento y los daños por los que se reclama.

Con solo una lectura somera de la referida Orden, es evidente que, para producir el informe pericial, el perito necesita toda la prueba descubierta o a

---

[40] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.
[41] *Íd*.
[42] Véase Entrada #25 de SUMAC TPI.

descubrirse en el procedimiento judicial para lograr dicha encomienda. Y es que, sin tener acceso a la prueba, no tiene manera de emitir una opinión informada en cuanto a lo que se le requiere. Imposible es demostrar que los recurridos incumplieron con las normas de cuidado vigente si ni siquiera se han llevado a cabo las deposiciones de los recurridos, ni se han sometido los protocolos institucionales solicitados por la peticionaria.

Irrealizable es también establecer un nexo causal entre un incumplimiento y los daños solicitados sin ninguna prueba. Tanto la postura de los recurridos, como la Orden emitida por el TPI sugiere que el perito debe establecer dicho nexo causal partiendo de hechos que no han sido puestos a la disposición de la parte peticionaria. Mandato claramente inalcanzable.

Indudablemente, exigir dicho informe pericial en esta etapa de los procedimientos constituye un fracaso craso de la justicia.

Por esto, procede expedir el auto de *certiorari*. Superado lo anterior estamos en posición para resolver el señalamiento de error.

La peticionaria señala como error que, incidió el TPI al denegar la *Moción de Reconsideración*[43], ya que la peticionaria había notificado un informe preliminar del perito y que, había justificado que, para poder rendir un informe final, era indispensable obtener información esencial aún pendiente de producirse en el descubrimiento de prueba. Le asiste la razón.

---

[43] Véase Entrada #42 de SUMAC TPI.

Claro es que el propósito de las Reglas de Procedimiento Civil es facilitar el acceso a los tribunales y garantizar una solución justa, rápida y económica de todo procedimiento[44]. Reiteradamente se ha establecido que, para acatar esa garantía, el descubrimiento de prueba es uno amplio, dejando a discreción del foro de instancia el limitar o extender el alcance de ese descubrimiento. Sin embargo, dicha discreción sigue estando subordinada a la garantía importantísima de justicia. Esto implica que, al tomar una decisión de limitar o ampliar el descubrimiento de prueba en cualquier procedimiento, los tribunales deben hacerlo tomando siempre en consideración si dicha decisión adelanta o no la justicia.

En cuanto al término concedido a la peticionaria para producir y notificar el informe pericial, sin haber concluido el descubrimiento de prueba necesario, nos parece ciertamente injusto.

No solo errado por el efecto detrimental al caso, sino que conlleva en sí un impacto significativo en la economía de este. Ello ya que, de verse obligada la parte peticionaria a someter un informe pericial previo a concluir el descubrimiento de prueba necesario, el perito tendría que someter otro informe adicional al finalizar dicho descubrimiento. Además, como bien sabemos, la participación de un perito en un procedimiento conlleva en sí un gran gasto.

Ahora bien, en cuanto al informe preliminar del perito sometido por la peticionaria, nos parece suficiente, dada la etapa procesal en que se encuentran.

---

[44] Regla 1 de Procedimiento Civil, *supra*.

Y es que, la misma Regla 23.1(c)[45], a pesar de que establece que se podrá requerir al perito un resumen de sus opiniones y expresión de las teorías, hechos o argumentos que sostienen dichas opiniones, no es razonable concluir que dicho informe se pueda desarrollar sin tomar en cuenta toda la prueba. Prueba, que, al momento, no ha sido descubierta. Para que el perito pueda realizar un informe completo, se requiere la totalidad de la prueba pertinente al caso para así producir un informe digno de ser presentado en el procedimiento.

Por consiguiente, el error señalado se cometió.

-IV-

Por los fundamentos antes expuestos, se **expide** el recurso de ***certiorari*** y se **revoca** la resolución recurrida con el fin de que se le permita a la Peticionaria concluir los mecanismos de descubrimiento de prueba necesarios y se le otorgue a ésta un término no menor de 30 días a partir de ese momento para notificar la totalidad de las opiniones del perito. A su vez, las recurridas tendrán el derecho a realizar descubrimiento de prueba sobre dichos informes periciales y a notificar su propio informe pericial, si así lo entienden conveniente y necesario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[45] Regla 23.1(c) de Procedimiento Civil, *supra*.